UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>WAYNE ANDERSON,<br><br>Movant. | No. 2:01-cr-0180 LKK DAD P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] In 2002, movant was convicted of conspiracy to commit money laundering. He seeks post-conviction relief on the grounds that the restitution order imposed as part of his sentence violates his rights under the Sixth and Fourteenth Amendments to the United States Constitution. Upon careful consideration of the record and the applicable law, the undersigned recommends that movant's § 2255 motion be denied.

**I. Background**

On May 31, 2002, after a jury trial, movant Wayne Anderson was convicted of one count of conspiracy to launder money, in violation of 18 U.S.C. § 1956(h), and one count of money laundering, in violation of 18 U.S.C. § 1956(a)(3). (ECF No. 430-1 at 9.) Movant was sentenced

---

[1] This motion was assigned, for statistical purposes, the following civil case number: No. 2:13-cv-1136 LKK DAD P.

1

1  on November 14, 2002 to 59 months in prison, a three-year term of supervised release, a special
2  assessment of $200, and a fine of $25,000. (ECF No. 322 at 2, 3, 5.) No restitution was ordered.
3  (Id. at 5.) On November 21, 2002, the trial court issued a final order of forfeiture with respect to
4  $100,000 seized from movant representing proceeds of his criminal activity, as well as a motor
5  home that was used by him to commit the offense. (ECF No. 320 (as amended by ECF No. 334)).
6        Movant filed a timely appeal of his judgment of conviction. (ECF No. 317.) On
7  December 14, 2004, the U.S. Court of Appeals for the Ninth Circuit affirmed his conviction on
8  the conspiracy charge but reversed his conviction on the substantive money laundering charge.
9  (ECF No. 399.) On remand, the trial court vacated the conviction on the indictment's money
10 laundering count and resentenced movant on the conspiracy count of conviction to 59 months in
11 the custody of the Bureau of Prisons, a three year term of supervised release, a special assessment
12 of $200, and a fine of $25,000 as reflected in the amended judgment filed February 18, 2005.[2]
13 (ECF No. 430-1 at 16-21.) No restitution order was imposed as part of that amended judgment
14 and sentence. (Id. at 20.)[3]
15       Movant filed the instant motion pursuant to 28 U.S.C. § 2255 on June 3, 2013. (ECF No.
16 426.) Respondent filed an answer on September 18, 2013. (ECF No. 430.) Movant did not file a
17 traverse.

18 **II.  Applicable Law**

19       A federal prisoner making a collateral attack against the validity of his or her conviction
20 or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to
21 28 U.S.C. § 2255, filed in the court which imposed sentence. United States v. Monreal, 301 F.3d
22 1127, 133 (9th Cir. 2002) (citingTripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)). Under

---

[2] At the time movant was charged, as well as now, the offense of conspiracy to commit money laundering was punishable by a maximum of up to twenty years imprisonment, a fine of not more than $500,000 or twice the value of the property involved in the transaction whichever is greater, or both fine and imprisonment. 18 U.S.C. §1956 (a) & (h).

[3] For that matter, no restitution was ordered as part of the original judgment and sentence filed November 21, 2002 (Doc. No. 430-1 at 6) or in the amended judgment filed on January 17, 2003 (id. at 13).

2

§ 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993). Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974). See also United States v. Gianelli, 543 F.3d 1178, 1184 (9th Cir. 2008).

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotation marks omitted). See also United States v. Withers, 638 F.3d 1055, 1062-63 (9th Cir. 2011); United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003). To warrant a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. McMullen, 98 F.3d at 1159. Mere conclusory assertions in a § 2255 motion are insufficient, without more, to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).

**III. Movant's Claim**

Movant's sole claim before this court is that the restitution order imposed as part of his sentence violates his Sixth Amendment right to trial by jury and Fourteenth Amendment right to due process under the Supreme Court's holding in Southern Union v. United States, ___ U.S. ___, 132 S. Ct. 2344 (2012). (ECF No. 426 at 1-2.) Specifically, movant claims that the trial judge improperly determined the amount of restitution ordered based on the pretrial sentencing report and the arguments of counsel, thereby denying movant the right to have this issue determined by the jury. (Id. at 1.)

In <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), the United States Supreme Court held that the Due Process Clause of the Fourteenth Amendment requires any fact other than a prior conviction that "increases the penalty for a crime beyond the prescribed statutory maximum" to be "submitted to a jury and proved beyond a reasonable doubt." <u>Apprendi</u>, 530 U.S. at 490. In <u>Southern Union</u>, the United States Supreme Court held that the rule of <u>Apprendi</u> applies to the imposition of criminal fines. <u>Southern Union</u>, 132 S. Ct. at 2357. Accordingly, under the holding in <u>Southern Union</u> a jury, and not a judge, must determine the facts that set the maximum amount of a criminal fine. <u>Id.</u> at 2350.[4]

As respondent points out, the simple fact is that the trial court did not order restitution in movant's case. Accordingly, movant's claim that his restitution order was improperly imposed lacks any factual basis whatsoever and his motion for relief under 28 U.S.C. § 2255 should be denied on that ground.[5] Moreover, even if a restitution order had been imposed as part of movant's sentence, the Ninth Circuit has held that the Supreme Court's holdings in <u>Apprendi</u> and <u>Southern Union</u> decisions do not apply to orders of restitution. <u>United States v. Green</u>, 722 F.3d 1146, 1149 (9th Cir. 2013) ("Our own court, however, has categorically held that <u>Apprendi</u> and it progeny – <u>Blakely</u> and <u>United States v. Booker</u>, [citation omitted] – don't apply to restitution.") Accordingly, movant is not entitled to relief on his claim, as he has described it in his motion before this court.[6]

Although his pending motion refers only to a challenge to the restitution ordered, it is conceivable that movant's claim is intended to be directed at the order of criminal forfeiture

---

[4] The Southern Union Company had been convicted by a jury of violating the Resource Conservation and Recovery Act of 1976 (RCRA) under which a fine of not more than $50,000 for each day of violation is available. <u>See</u> 42 U.S.C. § 6928(d). The Supreme Court held that a jury was required to find the number of days of violation because that fact set the maximum amount of the fine that could be imposed with respect to the criminal conviction. 132 S. Ct. at 2349-57.

[5] Respondent speculates that movant has simply forgotten that a restitution order was not part of the sentence imposed in his case. (ECF No. 430 at 3 n.1.)

[6] Lastly, even if restitution had been ordered as part of movant's sentence, his pending §2255 motion would have to be denied in any event because § 2255 "'cannot be used solely to challenge a restitution order.'" <u>United States v. Thiele</u>, 314 F.3d 399, 401 (9th Cir. 2002) (quoting <u>United States v. Kramer</u>, 195 F.3d 1129, 1130 (9th Cir. 1999)).

imposed as part of his sentence. Even assuming arguendo that is the case, however, he is still not entitled to relief. The Ninth Circuit has determined that the Supreme Court's decisions in Apprendi and Southern Union do not apply to criminal forfeitures. United States v. Phillips, 704 F.3d 754, 769-771 (9th Cir. 2012); see also United States v. Johnson, Nos. 12-30129, 12-30134, 540 Fed. Appx. 573, 574 (9th Cir. Sept. 10, 2013) (same).[7] Accordingly, any § 2255 challenge to the order of criminal forfeiture imposed as part of movant's sentence based on the decisions in Apprendi and Southern Union lacks merit as well and should be rejected.

It is also possible that movant could have meant to challenge the $25,000 fine imposed upon him as part of his sentence. Assuming arguendo that was movant's intent, any such challenge is barred in this case by the one year statute of limitations contained in 28 U.S.C. § 2255(f). Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, as set forth above, movant was convicted of conspiracy to commit money laundering in 2002 and the latest amended judgment in his case was filed on February 18, 2005. However, he did not file the instant § 2255 motion until 2013. Absent statutory or equitable tolling, any

/////

---

[7] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

§ 2255 challenge by movant to the $25,000 fine imposed as part of his sentence is barred as untimely.

Movant argues that § 2255(f) does not bar his claim because his § 2255 motion was filed within one year of the issuance of the Supreme Court's decision in Southern Union on June 21, 2012. (ECF No. 426 at 14.) Based upon this argument, the only possible exception to the one year limitations period applicable here is that provided by § 2255(f)(3). In order to reset the limitations period pursuant to 28 U.S.C. § 2255(f)(3), however, movant must demonstrate both that the decision in Southern Union applied retroactively to cases on collateral review and that it constituted a "newly recognized" constitutional right. For the reasons set forth below, the court concludes that movant is not able to meet either of these tests.

First, the Supreme Court's decision in Southern Pacific merely extended the principle announced in Apprendi to criminal fines. 132 S. Ct. at 1248-49. It did not pronounce a "newly recognized" constitutional right. See Sluder v. United States, Nos. 13-cv-1472-W, 05-cr-1570-W, 2014 WL 334712, at *2 (S.D. Cal. Jan. 29, 2014) ("Southern Union merely extended a principle already articulated in Apprendi, which predates Petitioner's conviction."); Anderson v. United States, No. 12 Civ. 7638, 2013 WL 652425, at *2 (S.D.N.Y. Feb. 22, 2013) (same); United States v. King, Nos. 3:00cr12/LAC, 3:12cv436/LAC/EMT, 2012 WL 5306143, *2 (N.D. Fla. Sept. 19, 2012) ("[T]he Supreme Court's opinion in Southern Union neither creates a new rule of constitutional law nor recognizes a new right; rather it affirms an existing rule and applies it to another aspect of the sentencing scheme.") Furthermore, the holding in Southern Union has not been made retroactively applicable to cases pending collateral review. See Cooper-Smith v. Palmateer, 397 F.3d 1236, 1246 (9th Cir. 2005) (holding that the decision in Apprendi, upon which Southern Union is based, is not retroactive); United States v. El-Fallal, No. 12-mc-51376, 2013 WL 4012891, at *2 (E.D. Mich. Aug. 6, 2013) ("[T]he ruling in Southern Union was not made retroactive nor did the Supreme Court recognize a new right; rather Southern Union reaffirms an existing right.") Thus, the statute of limitations for seeking relief pursuant to § 2255 in movant's case did not begin to run when the Supreme Court issued its decision in Southern

/////

1 Union, but rather on the date when movant's judgment of conviction became final. See 28 U.S.C.
2 § 2255(f). The instant motion is therefore also untimely.

3 Finally, the court observes that in this case the $25,000 fine imposed as part of movant's
4 sentence was far less than the statutory maximum fine authorized by statute. As noted above,
5 movant was convicted of conspiracy to commit money laundering in violation of 18 U.S.C. §
6 1956(h). Applicable penalties for such violations include "a fine of not more than $500,000 or
7 twice the value of the property involved in the transaction, whichever is greater. 18 U.S.C. §§ (a),
8 (h). Movant's fine of $25,000 was well within the statutory maximum fine. Accordingly, even if
9 the Supreme Court's decisions in Southern Union and Apprendi were somehow applicable to the
10 pending motion, no jury determination of facts was required to establish either the maximum fine
11 that could be imposed or the actual fine amount in movant's case. See United States v. Day, 700
12 F.3d 713, 732 (4th Cir. 2012) ("Thus, in Southern Union itself, the Apprendi issue was triggered
13 by the fact that the district court imposed a fine in excess of the statutory maximum that applied
14 in that case.").

**IV. Conclusion**

16 Accordingly, for all the reasons set forth above, IT IS HEREBY RECOMMENDED that
17 movant's motion pursuant to 28 U.S.C. § 2255 be denied.

18 These findings and recommendations are submitted to the United States District Judge
19 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
20 after being served with these findings and recommendations, any party may file written
21 objections with the court and serve a copy on all parties. Such a document should be captioned
22 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
23 shall be served and filed within fourteen days after service of the objections. Failure to file
24 objections within the specified time may waive the right to appeal the District Court's order.
25 Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
26 1991). In his objections petitioner may address whether a certificate of appealability should issue
27 in the event he files an appeal of the judgment in this case. See 28 U.S.C. § 2253(c) (absent a
28 /////

1 | certificate of appealability, an appeal may not be taken from the final decision of a district judge

2 | in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255)

3 | Dated: May 7, 2014

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8:
Anderson180.2255